IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ECLIPSE AVIATION CORPORATION, *et al.*,<br><br>         Debtors.<br>---<br>ANNETTE VARELA and JOHN J. DIMURA on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br>  v.<br><br>ECLIPSE AVIATION CORPORATION,<br><br>         Defendant. | CHAPTER 11<br><br>Case No. 08-13031 (MFW)<br>(Jointly Administered)<br><br><br><br>Adv. Pro. No. 09-_____ |

## ADVERSARY PROCEEDING CLASS ACTION COMPLAINT

Plaintiffs Annette Varela and John J. Dimura ("Plaintiffs") allege on behalf of themselves and the classes of those similarly situated as follows:

## NATURE OF THE ACTION

1. The Plaintiffs bring this action on behalf of themselves, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, plant closings ordered by Defendant and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et. seq.* and 29 U.S.C. § 2104.

2. Plaintiff John J. Dimura ("Dimura" or the "New York Plaintiff") brings this action on behalf of himself, and other similarly situated former employees who worked in New York State for Defendant and who were terminated without cause, as part of, or as the result of, plant closings ordered by Defendant and who were not provided 90 days advance written notice of their terminations by Defendant, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq.*

3. Plaintiffs' claims, as well as the claims of all similarly situated employees, are entitled to first priority administrative expense status pursuant to the United States Bankruptcy Code § 503(b)(1)(A).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5) and NYLL § 860-G(7).

## THE PARTIES

*Plaintiffs*

7. Plaintiff Annette Varela was employed by Defendant and worked at the Defendant's headquarters located at 2503 Clark Carr Loop SE, Albuquerque, New Mexico (the "Albuquerque Facility") until her termination on or about February 18, 2009.

8. Plaintiff John J. Dimura was employed by Defendant and worked at the Defendant's service facility located at 22 Jetway Drive, Albany, New York (the "New York Facility") until his termination on or about February 18, 2009.

***Defendant***

9. Defendant maintained and operated its corporate headquarters at the Albuquerque Facility and maintained and operated additional facilities in Albuquerque, Albany, and 4505 NE Terrace, Gainsville, Florida, as that term is defined by the WARN Act (collectively the "Facilities").

10. Until on or about February 18, 2009, the Plaintiffs and all similarly situated employees were employed by Defendant and worked at or reported to one of the Facilities.

11. On November 11, 2008, Defendant filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## WARN CLASS ALLEGATIONS

12. Plaintiffs bring the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on their own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about February 18, 2009, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about February 18, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

13. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such

persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

14. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

15. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

16. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a)    whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

    (b)    whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    (c)    whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

17. The Plaintiffs' claims are typical of those of the WARN Class. The Plaintiffs, like other WARN Class members, worked at or reported to one of Defendant's Facilities and were terminated without cause on or about February 18, 2009, due to the mass layoffs and/or plant closings ordered by Defendant.

18. The Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Plaintiffs have retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

19. Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

20. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

21. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW YORK WARN ACT CLASS ALLEGATIONS

22. Plaintiff Dimura brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, on behalf of himself and a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendant's Albany Facility and were terminated without cause on or about February 18, 2009, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about

February 18, 2009, and who are affected employees, within the meaning of NYLL § 860-A (1), (4) and (6) (the "NY WARN Class")

23. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

24. On information and belief, the identity of the members of the class and the recent residence address of each of the NY WARN Class Members is contained in the books and records of Defendant.

25. On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

26. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

    (a) whether the members of the NY WARN Class were employees of the Defendant who worked in a covered site of employment of Defendant;

    (b) whether Defendant unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the WARN Act; and

    (c) whether Defendant unlawfully failed to pay the NY WARN Class members 60 days wages and benefits as required by the WARN Act.

27. The New York Plaintiff's claim is typical of those of the NY WARN Class. The New York Plaintiff, like other NY WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated on or about February 18, 2009, due to the termination of the New York Facility ordered by Defendant.

28. The New York Plaintiff will fairly and adequately protect the interests of the NY WARN Class. The New York Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

29. Class certification of these Claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

30. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

31. Plaintiff Dimura intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

### CLAIM FOR RELIEF

### WARN ACT Cause of Action

32. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

33. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

34. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

35. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

36. On or about February 12, 2009, the Defendant ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

37. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

38. The Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facilities.

39. The Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

40. Defendant was required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

41. Defendant failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

42. The Plaintiffs and Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

43. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

44. Since the Plaintiffs and each of the Class Members seek back-pay attributable to a period of time after the filing of the Debtor's bankruptcy petitions and which arose as the result of the Debtor's violation of federal laws, Plaintiffs' and the Class Members' claims against Defendant is entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A).

45. The relief sought in this proceeding is equitable in nature.

### New York WARN Act Cause of Action

46. Plaintiff Dimura realleges and incorporates by reference all allegations in all preceding paragraphs.

47. At all relevant times, Defendant was an individuals or private business entity defined as an "employer" under the NY WARN Act and continued to operate as a business until it decided to order a mass layoff or plant closing at the New York Facility as defined by § 860-A(3),(4).

48. On or about February 18, 2009, the Defendant ordered a mass layoff and/or plant closing at its New York Facility as defined by § 860-A(3),(4).

49. The New York Plaintiff and the NY Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendant without cause on their part.

50. Defendant was required by the NY WARN Act to give the New York Plaintiff and the NY Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

51. Defendant failed to give the NY Plaintiff and the NY Class Members written notice that complied with the requirements of the NY WARN Act.

52. Defendant failed to pay the NY Plaintiff and each of the NY Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

53. Since the NY Plaintiff and each of the NY Class Members seek severance attributable to a period of time after the filing of the Debtor's bankruptcy petition and which arose as the result of the Debtor's violation of New York law and the NY Class Members' claims against Defendant are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

54. The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A first priority administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, or, alternatively, determining that the first $10,950 of the WARN Act Plaintiffs and NY WARN Act claims of the New York Plaintiff and each of the other similarly situated former employees is entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder is a general unsecured claim.

E. An allowed administrative-expense priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and § 860-G(7); and

F. Such other and further relief as this Court may deem just and proper.

DATED: March 3, 2009

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
Email: loizides@loizides.com

-and-

11

Jack A. Raisner
René S. Roupinian
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:    (212) 245-1000

*Attorneys for Plaintiffs and the putative Class*