## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re : | ) | |
| | ) | Chapter 7 |
| ECLIPSE AVIATION CORPORATION, *et al.*,[1] | ) | |
| | ) | Case No. 08-13031 (MFW) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| ANNETTE VARELA and JOHN J. DIMURA on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 09- 50265 (MFW) |
| v. | ) | |
| | ) | |
| ECLIPSE AVIATION CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF CHAPTER 7 TRUSTEE OF ECLIPSE AVIATION CORPORATION

Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") for the estates of the above captioned debtors ("Eclipse" or the "Debtors"), hereby sets forth his Answer and Affirmative Defenses to the Plaintiffs' Annette Varela and John J. Dimura (the "Plaintiffs") Adversary Proceeding Class Action Complaint (the "Complaint") as follows:

### NATURE OF THE ACTION

1.      The Trustee admits that Plaintiffs purport to allege a claim under Adjustment Retraining and Notification Act (the "WARN Act"), 29 U.S.C. § 2101, *et seq*. and 29 U.S.C. §2104, but states that Plaintiffs fail to state a claim upon which relief can be granted. Further, the allegations contained in paragraph 1 of the Complaint call for conclusions of law to which no

---

[1]      The Debtors in these proceedings are: Eclipse Aviation Corporation (Tax ID No. XX-XXX9000) and Eclipse IRB Sunport, LLC, a wholly owned subsidiary of Eclipse Aviation Corporation (Tax ID No. XX-XXX4013), each with a mailing address of 2503 Clark Carr Loop SE, Albuquerque, NM 87106.

response is required. Except as so stated, the Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the remaining allegations contained in paragraph 1 of the Complaint.

2.      The Trustee admits that Plaintiffs purport to allege a claim under THE New York Worker Adjustment Retraining and Notification Act (the "NY WARN Act"), § 860, *et seq*., but states that Plaintiffs fail to state a claim upon which relief can be granted. Further, the allegations contained in paragraph 2 of the Complaint call for conclusions of law to which no response is required. Except as so stated, the Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the remaining allegations contained in paragraph 2 of the Complaint.

3.      The allegations contained in paragraph 3 of the Complaint call for conclusions of law to which no response is required.

## JURISDICTION AND VENUE

4.      Admitted.

5.      Admitted.

6.      Admitted.

## THE PARTIES

7.      The Trustee admits that Annette Varela was employed by Eclipse and worked at the Albuquerque Facility.

8.      The Trustee admits that John J. Dimura was employed by Eclipse and worked at the New York Facility.

9.      It is admitted only that Debtors maintained and operated their corporate headquarters at the Albuquerque Facility and maintained and operated additional facilities in

Albuquerque, Albany, and Gainesville, Florida.  The remaining allegations of paragraph 9 of the Complaint call for conclusions of law to which no response is required.

10.     The Trustee is without sufficient information to admit or deny the allegations.

11.     Admitted.

## WARN CLASS ALLEGATIONS

12.     The allegations contained in paragraph 12 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 12 contains factual allegations, the Trustee is without sufficient information to admit or deny.

13.     The allegations contained in paragraph 13 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 13 contains factual allegations, the Trustee is without sufficient information to admit or deny.

14.     The Trustee is without sufficient information to admit or deny the allegations contained in paragraph 14 and therefore denies the allegations.

15.     The Trustee is without sufficient information to admit or deny the allegations contained in paragraph 15 and therefore denies the allegations.

16.     The allegations contained in paragraph 16 of the Complaint call for conclusions of law to which no response is required.

17.     The allegations contained in paragraph 17 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 17 contains factual allegations, the Trustee is without sufficient information to admit or deny.

18.     The Trustee is without sufficient information to admit or deny the allegations contained in paragraph 18 and therefore denies the allegations.

19.     The allegations contained in paragraph 19 of the Complaint call for conclusions of law to which no response is required.

20.     The allegations contained in paragraph 20 of the Complaint call for conclusions of law to which no response is required.

21.     The Trustee is without sufficient information to admit or deny the allegations contained in paragraph 21 and therefore denies the allegations.

## NEW YORK WARN ACT CLASS ALLEGATIONS

22.     The allegations contained in paragraph 22 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 22 contains factual allegations, the Trustee is without sufficient information to admit or deny.

23.     The allegations contained in paragraph 23 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 23 contains factual allegations, the Trustee is without sufficient information to admit or deny.

24.     The allegations contained in paragraph 24 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 24 contains factual allegations, the Trustee is without sufficient information to admit or deny.

25.     The allegations contained in paragraph 25 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 25 contains factual allegations, the Trustee is without sufficient information to admit or deny.

26.     The allegations contained in paragraph 26 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 26 contains factual allegations, the Trustee is without sufficient information to admit or deny.

27.     The allegations contained in paragraph 27 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 27 contains factual allegations, the Trustee is without sufficient information to admit or deny.

28.     The allegations contained in paragraph 28 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 28 contains factual allegations, the Trustee is without sufficient information to admit or deny.

29.     The allegations contained in paragraph 29 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 29 contains factual allegations, the Trustee is without sufficient information to admit or deny.

30.     The allegations contained in paragraph 30 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 30 contains factual allegations, the Trustee is without sufficient information to admit or deny.

31.     The allegations contained in paragraph 31 of the Complaint call for conclusions of law to which no response is required.  To the extent paragraph 31 contains factual allegations, the Trustee is without sufficient information to admit or deny.

## CLAIM FOR RELIEF

## WARN ACT Cause of Action

32.     The Trustee incorporates by reference his responses to paragraphs 1 through 31 of the Complaint as though set forth fully herein.

33.     The Trustee is without sufficient information to admit or deny the allegations.

34.     Denied as a conclusion of law.

35.     Denied as a conclusion of law.

36.     Denied as a conclusion of law.

37.     Denied as a conclusion of law.

38.     Denied as a conclusion of law.

39.     Denied as a conclusion of law.

40.     Denied as a conclusion of law.

41.     Denied as a conclusion of law.

42.     Denied as a conclusion of law.

43.     Denied as a conclusion of law.

44.     Denied as a conclusion of law.

45.     Denied as a conclusion of law.

## New York WARN Act Cause of Action

46.     The Trustee incorporates by reference his responses to paragraphs 1 through 45 of the Complaint as though set forth fully herein.

47.     Denied as a conclusion of law.

48.     Denied as a conclusion of law.

49.     Denied as a conclusion of law.

50.     Denied as a conclusion of law.

51.     Denied as a conclusion of law.

52.     Denied as a conclusion of law.

53.     Denied as a conclusion of law.

54.     Denied as a conclusion of law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim in whole or in part upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have suffered no WARN Act violation.

### THIRD AFFIRMATIVE DEFENSE

Each Debtor was not the Terminated Employees' employer for purposes of the WARN Act, and thus cannot be held liable for any alleged WARN Act violation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of all persons alleged to be similarly situated, are barred in whole or in part, by the faltering company exception to the WARN Act. At all relevant times, the Debtors were actively seeking to sell the company and the Debtors reasonably and in good faith believed that no prior WARN Act notice was required or appropriate, because such notice would have precluded the Debtors from obtaining the needed capital or business.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and those of all persons alleged to be similarly situated, are barred in whole or in part, by the unforeseeable business circumstances exception to the WARN Act, including as set forth in 20 C.F.R. §633.9(b), on the grounds that the closure of the Debtors business was caused by business circumstances that were not reasonably foreseeable at the time that any notice pursuant to the WARN Act would have been required.

## SIXTH AFFIRMATIVE DEFENSE

At all relevant times, the Debtors acted lawfully, in good faith, without intent to deny Plaintiffs any rights pursuant to state or federal law, including the WARN Act, and without malice or reckless indifference to Plaintiffs' protected rights.

## SEVENTH AFFIRMATIVE DEFENSE

This lawsuit should be dismissed because it is procedurally improper and not ripe for the court's adjudication.

## EIGHTH AFFIRMATIVE DEFENSE

This lawsuit should be dismissed because Plaintiffs have failed to exhaust their administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs, and those of all persons alleged to be similarly situated, are entitled to recover any amount from the Debtors' estates, then the Debtors' estates are entitled to set off and/or recoupment of any amount previously paid to the Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims are barred or limited under the applicable statute of limitations and/or the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the grounds of waiver acquiescence and/or estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and those of all persons alleged to be similarly situated, or any one of them, are barred to the extent that any payments are made to them or for their benefit pursuant to 11 U.S.C. §507(a) or any other Order of this Court.

## FOURTEENTH AFFIRMATIVE DEFENSE

There is no legal basis for Plaintiffs to recover certain of the damages asserted, including without exception attorneys' fees, interest or any cost or expense for certain claims asserted.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs seek a recovery that far exceeds what the WARN Act requires.

The Trustee reserves the right to amend his Answer to include any other affirmative defenses that may become applicable as discovery and litigation proceeds.


Dated: July 17, 2009
      Wilmington, Delaware

COOCH AND TAYLOR, P.A.

  /s/ M. Claire McCudden
M. Claire McCudden (DE No. 5036)
1000 West Street, 10th Floor
The Brandywine Building
Wilmington, DE 19801
Tele: (302) 984-3800
Fax:  (302) 984-3939
Email: cmccudden@coochtaylor.com

Counsel to the Chapter 7 Trustee