**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| |
|---|
| In re:<br><br>ECLIPSE AVIATION CORPORATION,<br><br>                    Debtor.<br><br>ANNETTE VARELA and JOHN J. DIMURA on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>v.<br><br>ECLIPSE AVIATION CORPORATION,<br><br>                    Defendant. |

Case No. 08-13031-MFW
Chapter 7

Jointly Administered

Adv. Pro. No. 09-50265-MFW

**PLAINTIFFS' MOTION**
**FOR CLASS CERTIFICATION AND RELATED RELIEF**

For the reasons in the accompanying brief, Plaintiffs move for class certification under

Fed. R. Bankr. P. 7023.

DATED: November 18, 2009

       /s/   René S. Roupinian          
René S. Roupinian
Jack A. Raisner
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

*Counsel for Plaintiffs and the putative Class*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ECLIPSE AVIATION CORPORATION,<br><br>        Debtor.<br><br>ANNETTE VARELA and JOHN J. DIMURA on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>ECLIPSE AVIATION CORPORATION,<br><br>        Defendant. | Case No. 08-13031-MFW<br>Chapter 7<br><br>Jointly Administered<br><br>Adv. Pro. No. 09-50265-MFW |

**BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF**

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728

· René S. Roupinian
Jack A. Raisner
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

DATED: November 18, 2009

# TABLE OF CONTENTS

STATEMENT OF THE MATTER BEFORE THE COURT ..................................................1

STATEMENT OF BACKGROUND FACTS ...........................................................................1

PRIOR PROCEEDINGS ...............................................................................................................2

ARGUMENT …………...............................................................................................................4

I.       The Nature of the WARN Act and Defendant's Violation of the Act ...........................4

   II.  WARN Claims are Widely Recognized by the Courts to be Especially Appropriate for Class Certification and Plaintiffs' Proposed Class Definition Should be Approved .......5

III.     The Proposed Class Satisfies the Requirements of Rule 23 .............................................7

        A.     The Proposed Class Meets the Requirements of Rule 23(a).............................7

             1.     The Numerosity Requirement is Satisfied ..............................................7

             2.     Questions of Law and Fact are Common to All Members of the Proposed Class .........................................................................................9

             3.     The Claim of the Representative Parties are Typical of the Claims of the Class...........................................................................................10

             4.     The Plaintiffs Will Fairly and Adequately Protect the Interests of the Class.......................................................................................................11

        B.     The Proposed Class Meets the Requirements of Rule 23(B)(3) .........................12

IV.     Class Claims are Proper in Bankruptcy Court Even when the Putative Class Members Did Not File Individual Claims...........................................................................................14

V.      This Court Should Appoint the Undersigned Class Counsel...........................................15

VI.    Appointment of the Class Representatives ....................................................................16

VII.   The Form and Manner of Service of Notice ..................................................................16

CONCLUSION...........................................................................................................................18

**CASES**

*Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3d Cir.1971) ..................................... 17

*Amchem Prods v. Windsor*, 521 U.S. 591 (1997) .................................................... 7, 11

*American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988) ............................................... 15

*Ardrey v. Federal Kemper Ins. Co.,* 142 F.R.D. 105
(E.D. Pa. 1992) ........................................................................................................... 8

*Birting Fisheries, Inc. v. Lane*, 92 F.3d 939 (9th Cir. 1996) ........................................ 15

*Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780 (S.D. Ohio 2003) ............................ 5

*Brady v. Thurston Motor Lines*, 726 F.2d 136 (4th Cir. 1984) ...................................... 8

*Califano v. Yamasaki*, 442 U.S. 682 (1979) ................................................................. 9

*Cashman v. Dolce International/Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004) ......................... 5

*Ciarlante v. Brown & Williamson Tobacco Corp.*, 1995 WL 764579 *1, 11 IER Cases 513
(E.D. Pa. Dec 18, 1995) ................................................................................................ 6

*Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605 (E.D.N.Y. 1991) ..................................... 5

*Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2d Cir. 1968), cert. denied, 417 U.S.
156 (1974) .................................................................................................. 11, 13

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ..................................................... 6

*Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460 (S.D.N.Y. 1989) ....................................... 5, 8

*General Tel. Co. v. Falcon*, 457 U.S. 147 (1982) ......................................................... 9

*Grimmer v. Lord, Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1996) .......................................... 5, 9

*Grunin v. International House of Pancakes*, 513 F.2d 114, 122 (8th Cir.), cert. denied,
423 U.S. 864, 96 S. Ct. 124 (1975) .............................................................................. 17

*Hassine v. Jeffes,* 846 F. 2d 169 (3d Cir. 1988) ......................................................... 10

*In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989) ....................................................... 15

*In re First Alliance Mortgage Corp.*, 269 B.R. 428 (D. C.D. Cal. 2001) .................................... 15

*In re First Interregional Equity Corp.*, 227 B.R. 358, 1998 Bankr. LEXIS 1580
(Bankr. D.N.J. 1998) ................................................................................................................ 12

*In re Grosso*, 9 B.R. 815 (S.D.N.Y. Bankr. 1981) ........................................................ 14

*In re Kaiser Group Int'l*, 278 B.R. 58 (Bankr. D. Del. 2002) ..................................... 7, 8

*In re Spring Ford Ind.*,
2004 Bankr. LEXIS 112, 51 Collier Bankr. Cas. 2d (MB) 1614 (Bankr. E.D. Pa.
2004) ............................................................................................................ 5, 8, 11, 14, 15

*In re Tel-Save Sec. Litig.*,
2000 U.S. Dist. LEXIS 10134 (E.D. Pa. 2000) ........................................................... 10

*In re Whitaker*, 882 F.2d 791 (3d Cir. 1989) .............................................................. 14

*In re Zenith Laboratories*, 104 B.R. 659 (D.N.J. 1989) ............................................. 14

*Jones v. Kayser-Roth Hosiery*, 748 F. Supp. 1276 (E.D. TN. 1990) ........................... 5

*Jurcev v. Central Community Hospital*, 7 F.3d 618 (7th Cir. 1993) .............................. 5

*Krell v. Prudential Ins. Co. of America,* 148 F. 3d 283 (3d Cir. 1998) ...................... 11

*New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*,
1994 U.S. Dist. LEXIS 2403 (E.D. La. 1994) ............................................................... 5

*Pearson v. Component Technology Corp.*, 247 F.3d 471 (3rd Cir. 2001) ..................... 5

*Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323
F. Supp. 364 (E.D. Pa. 1970) ...................................................................................... 17

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) .............................................. 13

*Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir. 1989) ....................................... 15

*Reyes v. Greater Texas Finishing Corp.*, 19 F. Supp. 2d 709 (W.D. Texas 1998) ....... 5

*Smith v. Dominion Bridge Corp.,* 1998 U.S. Dist. LEXIS 2586 (E.D. Pa. 1998) ........ 13

*Snider v. Upjohn Co.*,
115 F.R.D. 536 (E.D. Pa. 1987) ................................................................................... 8

*Steiner v. Equimark Corp.*, 96 F.R.D. 603 (W.D. Pa. 1983) ....................................... 17

*Stewart v. Abraham*, 275 F. 3d 220 (3d Cir. 2001)........................................................... 8

*Trist v. First Federal Saving & Loan Association*, 89 F.R.D. (E.D. Pa.1980) ............................ 17

*Weinberger v. Kendrick*, 698 F.2d 61 (2d Cir. 1983) ................................................. 17

*White v. National Football League*, 41 F.3d 402 (8th Cir. 1994)................................. 17

*Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 758 F.2d 86 (3d Cir. 1985) ............... 16

## FEDERAL STATUTES

29 U.S.C. § 2101(a)(1)....................................................................................... 4, 8

29 U.S.C. § 2101(a)(5).................................................................................. 1, 3, 6, 7

29 U.S.C. § 2102(a) .......................................................................................... 4

29 U.S.C. § 2104 .............................................................................................. 4

29 U.S.C. § 2104(a)(5)....................................................................................... 4

## FEDERAL RULES

Fed. R. Civ. P. 23(a) ...................................................................................7, 12

Fed. R. Civ. P. 23(a)(1) ................................................................................. 7, 8

Fed. R. Civ. P. 23(a)(2) ................................................................................. 7, 9

Fed. R. Civ. P. 23(a)(3) ............................................................................... 7, 10

Fed. R. Civ. P. 23(a)(4) ............................................................................... 7, 11

Fed. R. Civ. P. 23(b)(3), (c)(3) ......................................................... 7, 12, 13, 16

Fed. R. Civ. P. 23(c)(2)(B) .......................................................................... 16, 17

Fed. R. Bankr. P. 7023 ................................................................................. 1, 14

## TREATISES

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, §§ 3:4, *et seq.* (4th Ed. 2002)……………………………………………………………………………6, 7, 8, 10

## Statement of the Matter Before the Court

Plaintiffs submit this memorandum of law in support of their motion (a) certifying a class, pursuant to the Federal Rules of Civil Procedure Rule 23 and Bankruptcy Rule 7023, comprised of former employees of Defendant (i) who worked at or reported to one of the Defendant's Facilities and were terminated without cause on or about February 18, 2009, within 30 days of February 18, 2009, or in anticipation of or as the foreseeable consequence of the mass layoffs or plant closings ordered by Defendant on or about February 18, 2009, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5), and the New York Labor Law, § 860 *et seq.*, and (ii) who have not filed a timely request to opt-out of the class; (b) appointing Outten & Golden LLP and Loizides, P.A. as Class Counsel (collectively "Class Counsel"), (c) appointing Plaintiffs Annette Varela and John J. Dimura as Class Representatives, (d) approving the form and manner of Notice to the Class, and (e) granting such other and further relief as this Court may deem proper.  The motion is also supported by the accompanying declarations of Plaintiffs Annette Varela and John J. Dimura ("Plaintiffs' Declarations") and René S. Roupinian ("Roupinian Declaration"), attached hereto as Exhibits A and B, respectively.

## Statement of Background Facts

Until February 18, 2009, Eclipse Aviation Corporation ("Defendant" or "Eclipse Aviation") engineered, manufactured and sold the Eclipse 500 through its manufacturing and headquarters facilities in Albuquerque, New Mexico and provided full service maintenance and repair services through its three service centers located in Albuquerque, New Mexico, Albany, New York and Gainesville, Florida. Eclipse Aviation also operated a pilot training facility located in Albuquerque at which it trained pilots to operate the Eclipse 500. Defendant's

corporate headquarters were located at 2503 Clark Carr Loop SE, Albuquerque, New Mexico (the "Albuquerque Facility"). Defendant operated additional facilities in Albuquerque, Albany, and 4505 NE Terrace, Gainsville, Florida, (collectively the "Facilities"). *See* Complaint, ¶ 9.

On or about February 18, 2009, Defendant terminated the employment of Plaintiffs and its other employees who worked at its Facilities. *See* Complaint, ¶ 7, 8, 10, 13, 17, 22, 27, 38. None of the Defendant's employees received any advance written notice of their terminations as required by the WARN Act. *See* Complaint, ¶ 41.

On November 25, 2008, Defendant filed a voluntary petition with this Court for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. *See* Complaint, ¶ 11. On March 5, 2009, the Debtor's case converted to chapter 7 and Jeoffrey L. Burtch was appointed Chapter 7 Trustee.

<u>**Prior Proceedings**</u>

On March 3, 2009, Plaintiffs filed a Class Action Adversary Proceeding Complaint against Defendant in this Court asserting WARN claims against Defendant on behalf of themselves and a class of all other former employees (the "Class"), arising from Defendant's termination of its employees without 60 days prior written notice when it ceased operations on or about February 18, 2009.

The Complaint alleges a Rule 23 class claim asserting that Defendant violated the WARN Act. *See* Complaint, ¶ 12. The Complaint further alleges that Defendant employed more than 100 employees who worked at least 4,000 hours per week within the United States, and that the Defendant effected "mass layoffs" or "plant closings", as defined in the WARN Act, at its Facilities, which resulted in employment losses for at least 50 employees (25 under New York's WARN Act). *See* Complaint, ¶¶ 33, 36, 37.

The Complaint further alleges that Plaintiffs and the other similarly situated former employees terminated on or about February 18, 2009, worked at Facilities having 50 or more employees excluding part-time employees, as defined by the WARN Act, and were discharged without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the plant closings are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendant 60 days' advance written notice, as required by the WARN Act; and that the Defendant failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act. *See* Complaint, ¶¶ 13, 37-41.

The Complaint further alleges a violation of the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq*., for Defendant's employees who worked at Facilities in New York and who were terminated within 30 days of February 18, 2009 and did not receive 90 days' written notice of their terminations. (*See* Complaint ¶¶ 22-31).

The Complaint further alleges that the class is so numerous as to render joinder of all members impracticable; that adjudications with respect to individual class members would be dispositive of the interests of the class members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; that Plaintiffs' claims are typical of the claims of the other class members; that Plaintiffs will fairly and adequately protect and represent the interests of the Class; that Plaintiffs have the time and resources to prosecute this action; and that they have retained counsel who have extensive experience in matters involving the WARN Act. *See* Complaint ¶¶ 13, 18-21, 28-31.

On July 17, 2009, the Chapter 7 Trustee (the "Trustee") of the Debtor filed an Answer to the Complaint. In the Answer, the Trustee admits that the Debtor maintained and operated its corporate headquarters at the Albuquerque Facility and maintained and operated additional facilities throughout the United States, that it was an "employer" under the WARN Act, that the Debtor filed for bankruptcy on November 25, 2008. (See Answer ¶¶ 9-11). However, the Trustee denies that the Plaintiffs are entitled to any relief and asserted fifteen affirmative defenses, each of which, if available, would apply to the Plaintiffs and all the putative class members.

## ARGUMENT

### I. THE NATURE OF THE WARN ACT AND DEFENDANT'S VIOLATION OF THE ACT.

The WARN Act[1] provides a rather simple mandate: before instituting a "plant closing" or "mass layoff," an employer must provide sixty days' written notice to employees and to relevant local government entities. *See* 29 U.S.C. § 2102(a). A covered employer is one that employs at least 100 full-time employees, 29 U.S.C. § 2101(a)(1).

The WARN Act provides a cause of action for any employee who suffers a covered employment loss without having received the statutorily-required notice. *See* 29 U.S.C. § 2104. And notably, the Act itself expressly emphasizes the appropriateness of class-based proceedings to enforce the law and to obtain the statutory relief: "A person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court of the United States . . . . " *See* 29 U.S.C. § 2104(a)(5). Our effort to obtain relief not only

---

[1] Plaintiffs have also brought a claim under the New York Labor Law § 860 *et seq*. ("NYLL"), for those employees who worked at or reported to Defendant's New York facility. The NYLL is substantially similar to the federal Act, but does mandate a greater notice period, 90 days instead of 60 days, and contains lower thresholds for the triggering of mass layoffs and plant closings.

for the named Plaintiffs, but for others similarly situated, is an effort to pursue that goal which the statute expressly recognizes as appropriate.

## II.     WARN CLAIMS ARE WIDELY RECOGNIZED BY THE COURTS TO BE ESPECIALLY APPROPRIATE FOR CLASS CERTIFICATION AND PLAINTIFFS' PROPOSED CLASS DEFINITION SHOULD BE APPROVED.

Courts have regularly held that the WARN Act is "particularly amenable to class litigation." *In re Spring Ford Ind.*, 2004 Bankr. LEXIS 112, *24, 51 Collier Bankr. Cas. 2d (MB) 1614 (Bankr. E.D. Pa. 2004), *citing Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989). *See also, Grimmer v. Lord, Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1996) ("[T]he WARN Act provisions lend themselves to class action because they provide for limited recovery."); *New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, 1994 U.S. Dist. LEXIS 2403 (E.D. La. 1994)("the instant proceeding, a WARN action, falls squarely within the criteria for sanctioning a class.").

Thus, violations of the WARN Act have given rise to numerous class action cases and class certification is routinely granted. *See, e.g., Pearson v. Component Technology Corp.*, 247 F.3d 471 (3d Cir. 2001) (former employees brought representative action on behalf of other employees against employer's secured creditor under the WARN Act); *Jurcev v. Central Community Hospital*, 7 F.3d 618 (7th Cir. 1993) (employees who lost their jobs when hospital closed brought, on behalf of other former employees, an action against the hospital under the WARN Act); *Jones v. Kayser-Roth Hosiery*, 748 F. Supp. 1276 (E.D. TN. 1990) (former employees brought action under WARN Act on behalf of other employees); *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780 (S.D. Ohio 2003); *Cashman v. Dolce International/Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004); *Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605 (E.D.N.Y. 1991); *Reyes v. Greater Texas Finishing Corp.*, 19 F. Supp. 2d 709 (W.D.

Texas 1998).

The merits of the action are *not* to be considered in weighing class certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. . .'In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.'") *See also Ciarlante v. Brown & Williamson Tobacco Corp.*, 1995 WL 764579*1, 11 IER Cases 513 (E.D. Pa. Dec 18, 1995) (holding that because the issue of whether a location was a single site of employment affected the merits, it could not be considered on a motion for class certification); *3 Newberg on Class Actions*, (4th ed. 2002) § 7.9.

Plaintiffs allege in their Complaint that they and other similarly situated former employees who worked at the Facilities were terminated on or about February 18, 2009 and thereafter, and were discharged without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closings are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from Defendant 60 days' advance written notice, as required by the WARN Act; and that Defendant failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act.

As the separations of employment took place on or about February 18, 2009 (*See* Plaintiffs' Declarations; Roupinian Declaration, exhibits A & B, respectively)**,** the proposed Class definition is as follows:

> Persons who worked at or reported to one of Defendant's Facilities
> and were terminated without cause on or about February 18, 2009,

within 30 days of February 18, 2009, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendant on or about February 18, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) and the New York Labor Law § 860 *et seq*., and who have not filed a timely request to opt-out of the class. (the "Class").

The proposed class definition should be approved.

## III.   THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23.

Class certification requires that each of the four prerequisites for class certification set forth in Federal Rule of Civil Procedure 23, namely, Rule 23(a)(1), (2), (3) and (4), be satisfied and that, in addition, at least one of the subparts of Rule 23(b) -- here 23(b)(3) -- be satisfied.  As shown below, the prerequisites for class certification are clearly present in this action.

### A.   The Proposed Class Meets the Requirements of Rule 23(a)

F.R. Civ. P. 23(a) provides as follows:

> **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 117 S. Ct. 2231, 2245, 138 L. Ed. 2d 689 (1997).

#### 1.   The Numerosity Requirement is Satisfied

Federal Rule of Civil Procedure 23(a)(1), requires that the class sought to be certified be "so numerous that joinder of all members is impracticable." This prerequisite, however, does not require that joinder be impossible. *In re Kaiser Group Int'l*, 278 B.R. 58, 64 (Bankr. D. Del. 2002); *See also, 1 Newberg on Class Actions*, § 3:4 at 230 (4th Ed. 2002) (It is important to remember that "[i]mpracticable does not mean impossible."). Joinder of all the parties is impracticable when the procedure would be "inefficient, costly, time-consuming, and probably

confusing." *In re Kaiser Group Int'l*, 278 B.R. at 64, *citing Ardrey v. Federal Kemper Ins. Co.*, 142 F.R.D. 105, 111 (E.D. Pa. 1992).

No specific number is needed to maintain a class action. *In re Kaiser Group Int'l*, 278 B.R. at 64; *Snider v. Upjohn Co.*, 115 F.R.D. 536, 539 (E.D. Pa. 1987) (A court may make "common sense assumptions" in order to support the finding of numerosity.). Classes consisting of forty or more persons "should have a reasonable chance of success on the basis of number alone." *1 Newberg, supra,* § 3:5 at 248. Indeed, a class of approximately 800 claimants, as is estimated here, is clearly enough to satisfy Rule 23(a)(1). *See, e.g., In re Kaiser Group Int'l*, 278 B.R. at 64 (discussing the law of "numerosity" and finding that a class of approximately 47 members was sufficiently numerous to justify certification). As was stated by another Bankruptcy Court within this Circuit:

> Generally, the Third Circuit has stated that if the class representative establishes that the potential number of class members exceeds 40, the numerosity requirement is satisfied. *E.g. Stewart v. Abraham*, 275 F.3d 220, 227 (3rd Cir. 2001).
>
> I would agree, at least with respect to the numerosity requirement, that "the WARN Act seems particularly amenable to class litigation" given that its applicability is limited to companies which employ more than 100 employees and which lay off employees in groups of 50 or more. *See Finnan v. L.F. Rothschild & Co., Inc*., 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (citing 29 U.S.C. § 2101(a)(1) and finding numerosity met where class size of 127 employees was alleged). Here the alleged class size of 150 to 270 terminated employees clearly meets the greater-than-forty requirement of this circuit.

*In re Spring Ford Ind.*, 2004 Bankr. LEXIS 112 at *24.

WARN Act class action litigation typically involves claims brought by the former employees of an employer who number less than the estimated 800 former employees who make up the proposed class of former Eclipse Aviation employees. *Brady v. Thurston Motor Lines*,

726 F.2d 136 (4th Cir. 1984) (certifying class of 74 persons); *Grimmer v. Lord Day & Lord*, 937

F. Supp. 255 (S.D.N.Y. 1996) (certifying class of 92 persons).

2.    <u>Questions of Law and Fact Are Common to All Members of the Proposed Class</u>

The second prerequisite of class certification is that "there be questions of law or fact

common to the class." Fed. R. Civ. P. 23(a)(2). "[C]lass relief is 'peculiarly appropriate' when

the 'issues involved are common to the class as a whole' and they 'turn on questions of law

applicable in the same manner to each member of the class.' For in such cases, 'the class-action

device saves the resources of both the courts and the parties by permitting an issue potentially

affecting every [class member] to be litigated in an economical fashion under Rule 23.'"

*General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982), *quoting, Califano v. Yamasaki*, 442 U.S.

682, 700-701 (1979).

Here, Plaintiffs claim that they and the other Class Members were terminated as part of a

common plan stemming from Defendant's decision to discontinue business operations and close

its Facilities. Additionally, the factual and legal questions stem from a common core of facts

regarding Defendant's actions and a common core of legal issues regarding every Class

Member's rights, as follows: (a) Defendant employed more than 100 employees; (b) <u>all</u> the Class

Members are protected by the WARN Act and the NY WARN Act; (c) the Class Members were

employees of Defendant; (d) Defendant discharged the Class Members on or within 30 days of

February 18, 2009 and thereafter, in connection with mass layoffs or plant closings; (e) the Class

Members were "affected employees", as they lost their employment as a result of the mass

layoffs or plant closings; (f) Defendant terminated the employment of the Class Members

without cause; (g) Defendant terminated the employment of the Class Members without giving

them at least 60 days' prior written notice as required by the WARN Act or 90 days' prior

written notice as required by the NY WARN Act; and (h) Defendant failed to pay the Class

Members 60 days' wages and benefits.

In short, virtually *all* the issues are common to the Class and the only differences are

minor, namely, the rate of pay and the date of termination.

      3.    <u>The Claims of the Representative Parties are Typical of the Claims of the Class</u>.

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the

representative parties [be] typical of the claims or defenses of the class." The typicality

requirement is met when the representative plaintiff's claims arise from a course of conduct by

the defendant that also gives rise to the claims of other class members based on the same legal

theory. *In re Tel-Save Sec. Litig*., 2000 U.S. Dist. LEXIS 10134 at *15 (E.D. Pa. 2000); 1

*Newberg, supra,* at §3:13 at 326 (4th edition 2002) ("'[Typicality refers to the nature of the claim

or defense of the class representative, and not to the specific facts from which it arose or the

relief sought.'"). Typicality asks whether the named plaintiffs' claims are typical, in common-

sense terms, of the class, thus suggesting that incentives of the plaintiffs are aligned with those of

the class. *In re Tel-Save Sec. Litig*., 2000 U.S. Dist. LEXIS 10134 at *15. Commonality and

typicality may overlap in that the Court asks what the plaintiff and class members have in

common. However, commonality tests the sufficiency of the class itself by focusing on the class

claims, while typicality tests the sufficiency of the named plaintiff by focusing on the relation

between the named plaintiff and the class as a whole. *Id., citing Hassine v. Jeffes,* 846 F.2d 169*,

176 n.4 (3d Cir. 1988).

Here, the Class Representatives (i.e., the Plaintiffs) suffered the same type of injury as the

rest of the Class and, there are no conflicts of interest between the representatives of the Class

and the other Class Members (*See* Plaintiffs' Declaration). Defendant's failure to comply with

the requirements of the WARN Act and NY WARN Act represents a single course of conduct resulting in injury to all Class Members, including Plaintiffs. Neither the Plaintiffs nor the other Class Members received 60 days' notice or 60 days' wages and benefits, pursuant to the requirements of the WARN Act and the NY WARN Act. (*See* Plaintiffs' Declaration).

Thus, the factual situation of the Class Representatives and the legal theories upon which the action is grounded are not only typical of the entire Class, but are identical.

    4.    <u>The Plaintiffs Will Fairly and Adequately Protect the Interests of the Class</u>.

Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only if "the representative parties will fairly and adequately protect the interests of the class." This element requires a two-step analysis. First, the court must determine whether the named class representatives have interests that "are free from conflicts of interest with the class they seek to represent. *Amchem Prods v. Windsor*, 521 U.S. at 625. Second, the court must find that the class would be represented by qualified counsel. *Krell v. Prudential Ins. Co. of America*, 148 F.3d 283, 312 (3d Cir. 1998). When class counsel is competent, experienced in class action lawsuits, and vigorously represents the interests of the class, the first prong of the adequacy of representation test is satisfied. *In re Spring Ford Indus.*, 2004 Bankr. LEXIS 112 at *28. The first element of Rule 23(a)(4) is met in this case because, as set forth above, no divergence exists between the interests of the proposed Class Representatives and the interests of the Class as a whole.

The second element of Rule 23(a)(4) is met because Plaintiffs' counsel are "qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974). Their background can be summarized as follows:

- Outten & Golden LLP, lead counsel in the instant case, is a national plaintiff's employment firm, representing employees in a wide range of employment matters. Jack Raisner, partner in the New York based firm and member of the firm's Class Action Practice Group and co-chair of the WARN Act Class Action Practice Group, has extensive experience litigating plaintiff employment rights matters, with a focus on the prosecution of class action and impact litigation of employment discrimination and wage and hour claims. René S. Roupinian, of counsel to the firm and co-chair of its WARN Act Class Action Practice Group and a member of its Class Action Practice Group, has represented tens of thousands of former employees in more than 60 WARN Act cases, many of which were litigated in bankruptcy court. (*See* Roupinian Declaration).

- Christopher Loizides, partner/owner of Loizides, P.A. based in Wilmington, Delaware, has approximately 16 years of experience in commercial bankruptcy litigation and has served as counsel to numerous creditors and Debtor. Mr. Loizides has extensive experience in handling bankruptcy adversarial complaints and has been appointed Outten & Golden LLP's local class counsel in several WARN actions presently pending in Delaware bankruptcy court. (*See* Roupinian Declaration).

Accordingly, the four prerequisites of Rule 23(a) for Class certification are met in this action.

**B.     The Proposed Class Meets the Requirements of Rule 23(B)(3).**

In addition to meeting the prerequisites for class certification under Rule 23(a), a class must meet only one of the three alternative requirements for treatment as a class action under Fed. R. Civ. P. 23(b). Here, the class meets the requirements of Fed. R. Civ. P. 23(b)(3).

Class Certification is proper under Rule 23(b)(3) where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *In re First Interregional Equity Corp.*, 227 B.R. 358, 1998 Bankr. LEXIS 1580 (Bankr. D.N.J. 1998).

Considerations of judicial economy and efficiency are of paramount importance and, where, as here, determination of the common, predominant issues shared by the Class Members will dispose of the matter, class certification should be ordered. *Smith v. Dominion Bridge Corp.*, 1998 U.S. Dist. LEXIS 2586 *15 (E.D. Pa. 1998)(Rule 23(b)(3) met where forcing the plaintiffs to litigate their claims individually would impose unnecessary burdens on the courts and the litigants in pursuing duplicative claims). A class action is the superior method of resolving this dispute because many of the claims are quite small, making individual lawsuits impracticable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *Eisen v. Carlisle & Jacquelin*, 391 F.2d at 566-567. *See also Smith v. Dominion Bridge Corp.,* 1998 U.S. Dist. LEXIS 2586 at *15 (Despite the potentially large number of people who may have been injured by the alleged conduct of the defendants, the damages for each plaintiff may not be large enough as to induce him to bring his own case, leaving the whole class without redress).

As shown above, common questions of fact and law overwhelmingly predominate over the minor questions affecting individual claims. Addition, Fed. R. Civ. P. 23(b)(3) requires that the Plaintiffs demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Four factors are set forth in Fed. R. Civ. P. 23 (b)(3) to guide the court's determination as to whether a class action is superior and whether issues of fact and law common to Class Members predominate over individual matters:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Here, neither the Plaintiffs nor any of the other Class Members have an interest in individually controlling the prosecution of separate actions. (*See* Plaintiffs' Declaration). Concentrating the WARN litigation in a class action will avoid duplicate efforts of multiple suits. Finally, the difficulties in managing this litigation as a class action are few: the Class Members can be easily identified; the potential liability of Defendant can be readily calculated; and there is but one combined course of conduct -- that of Defendant -- to examine and adjudicate. (*See* Plaintiffs' Declaration).

## IV.   CLASS CLAIMS ARE PROPER IN BANKRUPTCY COURT EVEN WHEN THE PUTATIVE CLASS MEMBERS DID NOT FILE INDIVIDUAL CLAIMS.

Federal Rule of Bankruptcy Procedure 7023 unequivocally provides that class actions shall be allowed in adversary proceedings: "Fed. R. Civ. P. 23 applies in adversary proceedings." As required by Rule 7023, the courts have consistently recognized that Rule 23 class actions are allowed in adversary proceedings. *See, e.g., In re Whitaker*, 882 F.2d 791, 793 n.1 (3d Cir. 1989); *In re Spring Ford Indus.*, 2004 Bankr. LEXIS 112 at *6;  *In re Zenith Laboratories*, 104 B.R. 659, 664 (D.N.J. 1989); *In re Grosso,* 9 B.R. 815 (S.D.N.Y. Bankr. 1981). Here, since Plaintiffs brought an adversary proceeding that asserts a Rule 23 class claim, that claim must be allowed providing the requirements of Rule 23 for class certification are met.

As previously noted, there is ample precedent for class actions in bankruptcy courts in the specific context of WARN Act litigation.  Consider, for instance, *In re Spring Ford Industries, Inc*. The Court there noted and followed "the overwhelming majority view that [class] claims are permissible in a bankruptcy case."  *In re Spring Ford Industries, Inc*., 2004 Bankr. LEXIS 112 at *6.  Recognizing its discretion in this regard as to whether to allow the matter to proceed on

behalf of the proposed class, the Court in *Spring Ford* allowed the class claim to proceed. *Id.*, *at* *7.

In re First Alliance Mortgage Corp.*, 269 B.R. 428, 444 (D. C.D. Cal. 2001), provides additional support for the propriety of WARN claims filed by Plaintiffs on behalf of similarly situated putative Class Members. The *First Alliance* Court held that the filing of a class action in bankruptcy, by an individual on behalf of similarly situated individuals, serves as a timely filed claim on behalf of all other class members. *Id.* at 445, n 16.

Finally, four circuit courts have held that the Bankruptcy Code unconditionally allows class claims whenever the criteria of Rule 23 is met. *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir. 1989)(noting that the "more equitable resolution" is to permit class claims in bankruptcy proceedings); *Birting Fisheries, Inc. v. Lane*, 92 F.3d 939, 940 (9th Cir. 1996) ("*[W]e conclude that the bankruptcy code should be construed to allow class claims*," noting that "*[t]hree circuits have previously considered this question and all have construed the code as we do*.") (emphasis added), citing *Reid*; *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989); and *American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988).

Since the requirements of Rule 23 have all been met, as discussed above, class certification should be granted.

## V.     **THIS COURT SHOULD APPOINT THE UNDERSIGNED CLASS COUNSEL.**

As shown in the Roupinian Declaration, Plaintiffs' counsel is qualified and has been actively and diligently prosecuting this action. Further, as stated in the Roupinian Declaration, Plaintiffs are being represented by attorneys who are highly experienced in class action litigation and experienced prosecuting claims under the WARN Act, having been appointed Class Counsel in some 30 WARN class actions (*See* Roupinian Declaration).

## VI.    APPOINTMENT OF CLASS REPRESENTATIVES.

Plaintiffs have been diligent in pursuing the Class claim and have worked with counsel in initiating and prosecuting the action; they have no conflict of interest with other Class Members; and they have and will fairly and adequately represent the interests of the Class (*See* Plaintiffs' Declaration).  For these reasons, Plaintiffs' counsel asks that Plaintiffs Varela and Dimura be appointed Class Representatives.

## VII.    THE FORM AND MANNER OF SERVICE OF NOTICE.

Plaintiffs further submit that service of the proposed Notice of Class Action by First Class Mail, postage prepaid, to each member of the Class at the member's last known address as shown on the Defendant's records is the best notice practicable under all the circumstances (annexed hereto as Exhibit C).

Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members and that the notice must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues or defenses,
- that a class member may enter an appearance through counsel if the member so desired,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Rule 23(c)(2)(B).  *See also Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 750 F.2d 86, 90 (3d Cir. 1985).

Although no rigid standards govern the contents of notice to Class Members, the notice must "fairly apprise the prospective members of the Class of the [proceedings] and of the options that are open to them in connection with [the] proceedings," *Grunin v. International House of Pancakes*, 513 F.2d 114, 122 (8th Cir.), *cert. denied*, 423 U.S. 864, 96 S. Ct. 124 (1975), *quoting, Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 378 (E.D. Pa. 1970), *aff'd sub nom, Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3rd Cir.1971). Individual mailings to each Class Member's last known address is appropriate. *Trist v. First Federal Saving & Loan Association*, 89 F.R.D. 1, 2 (E.D. Pa.1980); *White v. National Football League*, 41 F.3d 402, 408 (8th Cir. 1994); *Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1983); *Steiner v. Equimark Corp*., 96 F.R.D. 603, 614 (W.D. Pa. 1983).

Here, the contents of the proposed Notice are sufficient. The Notice summarizes the nature of the pending WARN Act litigation and apprises the proposed Class, among other things, of the Class definition, of the claims, issues and defenses, that complete information regarding the action is available upon request from Class Counsel, that any Class Member may opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or settlement in the litigation and that if they do not opt-out, they may appear by their own counsel. In short, the proposed Notice satisfies all the requirements of Rule 23(c)(2)(B).

The names and addresses of all the putative Class Members are contained in Defendant's records. Once Plaintiffs have been provided with that information, Plaintiffs' counsel will mail the Notice of Class Action by First Class Mail, postage prepaid to the last known address of each of the putative Class Members so that they will have at least 30 days from the date of the mailing, to object to Class certification and to opt-out of the Class. Plainly, this is the best practicable notice under the circumstances.

**<u>Conclusion</u>**

For all the foregoing reasons, Plaintiffs respectfully request that this Court enter the proposed Order, attached to the Roupinian Declaration as Exhibit D, granting Plaintiffs' Motion in all respects.

                                Respectfully submitted,

        By:     /s/ René S. Roupinian
                René S. Roupinian
                Jack A. Raisner
                **Outten & Golden LLP**
                3 Park Avenue, 29th Floor
                New York, New York 10016
                Telephone:  (212) 245-1000

                Christopher D. Loizides (No. 3968)
                **LOIZIDES, P.A.**
                1225 King Street, Suite 800
                Wilmington, DE 19801
                Telephone: (302) 654-0248
                Facsimile: (302) 654-0728
                Email: Loizides@loizides.com

                *Attorneys for Plaintiffs and the putative Class*