# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ECLIPSE AVIATION CORPORATION,<br><br>Debtor.<br><br>ANNETTE VARELA and JOHN J. DIMURA on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ECLIPSE AVIATION CORPORATION,<br><br>Defendant. | Case No. 08-13031-MFW<br>Chapter 7<br><br>Jointly Administered<br><br>Adv. Pro. No. 09-50265-MFW |

**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR
<u>CLASS CERTIFICATION AND RELATED RELIEF</u>**

René S. Roupinian hereby declares the following under penalty of perjury:

1. I am a member of Outten & Golden LLP, lead counsel representing the Plaintiffs in the above-captioned action, former employees of Defendant Eclipse Aviation Corporation ("Defendant" or "Eclipse Aviation") who were terminated without cause from their employment on or about February 18, 2009 at the Defendant's facilities in Albuquerque, New Mexico and Albany, New York.

2. This declaration is submitted in support of the Plaintiffs' Motion for an Order a) certifying a class, pursuant to the Federal Rule of Bankruptcy Procedure 7023 and Federal Rules of Civil Procedure 23, comprised of Plaintiffs and the other former employees of Defendant: (i) who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about February 18, 2009, within 30 days of February 18, 2009, or in anticipation of or as the foreseeable consequence of the mass layoffs or plant closings ordered by

Defendant on or about February 18, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) and the New York Labor Law, § 860 *et seq*., and (ii) who have not filed a timely request to opt-out of the class; (b) appointing Outten & Golden LLP and Loizides, P.A. as Class Counsel, (c) appointing Plaintiffs Annette Varela and John J. Dimura as Class Representatives, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

## BACKGROUND

3. Until February 18, 2009, Defendant engineered, manufactured and sold the Eclipse 500 through its manufacturing and headquarters facilities in Albuquerque, New Mexico and provided full service maintenance and repair services through its three service centers located in Albuquerque, New.Mexico, Albany, New York and Gainesville, Florida. Eclipse Aviation also operated a pilot training facility located in Albuquerque at which it trains pilots to operate the Eclipse 500. Defendant's corporate headquarters were located at 2503 Clark Carr Loop SE, Albuquerque, New Mexico (the "Albuquerque Facility"). Defendant operated additional facilities in Albuquerque, Albany, and 4505 NE Terrace, Gainsville, Florida, (collectively the "Facilities").

4. On or about February 18, 2009, Defendant terminated the employment of Plaintiffs and its other employees who worked at its Facilities. None of the Defendant's employees received any advance written notice of their terminations as required by the WARN Act.

5. On November 11, 2008, Defendant filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (Bankr. Case No. 08-13031).

## THE COMPLAINT

6. On March 3, 2009, Plaintiffs filed a Class Action Adversary Proceeding Complaint against Defendant in the United States Bankruptcy Court for the District of Delaware (Adv. Case No. 09-50265-MFW) asserting WARN claims against Defendant on behalf of themselves and a class of all other similarly situated former employees (the "Class") arising from Defendant's termination of its employees without 60 days prior written notice when it ceased operations on or about February 18, 2009.

7. The Complaint alleges a single Rule 23 class claim asserting that the Defendant violated the WARN Act. *See* Adversary Proceeding Complaint, ¶ 12. The Complaint further alleges that Defendant employed more than 100 employees who worked at least 4,000 hours per week within the United States, and that Defendant effected "mass layoffs" or "plant closings", as defined in the WARN Act, at the Facilities that resulted in the loss of employment for at least 50 employees. *See* Adversary Proceeding Complaint, ¶¶ 33, 36, 37.

8. The Complaint further alleges that Plaintiffs and the other similarly situated former employees terminated on or about February 18, 2009, worked at Facilities having 50 or more employees excluding part-time employees, as defined by the WARN Act, and were discharged without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the plant closings are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendant 60 days' advance written notice, as required by the WARN Act; and that the Defendant failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act. *See* Adversary Proceeding Complaint, ¶¶ 13, 37-41.

9. The Complaint further alleges a violation of the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq*., for Defendant's employees who worked at Facilities in New York and who were terminated within 30 days of February 18, 2009 and did not receive 90 days' written notice of their terminations. *See* Complaint, ¶¶ 22-31).

10. The Complaint further alleges that the class is so numerous as to render joinder of all members impracticable; that adjudications with respect to individual class members would be dispositive of the interests of the class members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; that Plaintiffs' claims are typical of the claims of the other class members; that Plaintiffs will fairly and adequately protect and represent the interests of the Class; that Plaintiffs have the time and resources to prosecute this action; and that they have retained counsel who have extensive experience in matters involving the WARN Act. *See* Complaint ¶¶ 13, 18-21, 28-31.

## THE ANSWER

11. On July 17, 2009, the Chapter 7 Trustee (the "Trustee") of the Debtor filed an Answer to the Complaint. In the Answer, the Trustee admits that the Debtor maintained and operated its corporate headquarters at the Albuquerque Facility and maintained and operated additional facilities throughout the United States, that it was an "employer" under the WARN Act, that the Debtor filed for bankruptcy on November 25, 2008. (See Answer ¶¶ 2-11). However, the Trustee denies that the Plaintiffs are entitled to any relief and asserted fifteen affirmative defenses, each of which, if available, would apply to the Plaintiffs and all the putative class members.

## THE PROPOSED CLASS

12. The proposed Class consists of Plaintiffs and the other former employees of

Defendant who were terminated without cause within 30 days of February 18, 2009, as part of, in anticipation of, or as the reasonably foreseeable consequence of the mass layoffs and/or plant closings at the Facilities on or about February 18, 2009, and who have not filed a timely request to opt-out of the class. The proposed Class definition is as follows:

> Persons who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about February 18, 2009, within 30 days of February 18, 2009, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendant on or about February 18, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) and the New York Labor Law § 860 *et seq.*, ("the WARN Acts"), and who have not filed a timely request to opt-out of the class. (the "Class").

13. As is more fully discussed in the accompanying brief, the proposed class satisfies all the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) for class certification: the proposed Class is numerous; questions of law and fact are common to all members of the class; Plaintiffs' claims are typical of the claims of the Class; Plaintiffs will fairly and adequately protect the interests of the Class; the questions of law and fact common to the class members predominate over any questions affecting individual members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### THE SUITABILITY OF THE PLAINTIFFS TO ACT AS CLASS REPRESENTATIVES

14. As shown by the accompanying Declarations of Plaintiffs Annette Varela and John J. Dimura, Plaintiffs were employed by Defendant and were terminated without cause during the relevant period. Plaintiffs have no conflict of interest with other class members and have and will diligently prosecute this action and represent the interests of the Class.

### THE DILIGENT PROSECUTION OF THE ACTION

15. Plaintiffs, both through their counsel and otherwise, have diligently prosecuted

this action. Following their retention, counsel promptly investigated the facts, researched the law and otherwise evaluated the potential WARN claim of Plaintiffs and the other employees laid-off by Defendant. Having concluded that a WARN violation had occurred, counsel prepared, filed and served the Complaint asserting a class claim under the WARN Act against Defendant. Plaintiffs' counsel has actively litigated this action, and will continue to do so.

## THE SUITABILITY OF PLAINTIFFS' COUNSEL TO ACT AS CLASS COUNSEL

16. Plaintiffs' counsel is well suited to act as Class Counsel.

**WARN Practice Group, Outten & Golden LLP**

a. Jack A. Raisner and I are Co-Chairs of the WARN Act Practice Group of Outten & Golden LLP ("O&G"), the nation's largest law firm devoted solely to the rights of employees.[1] We are plaintiffs' counsel in over 30 WARN certified or putative class actions currently in litigation or settlement, including: *Rasheed v. American Home Mortgage Corp.*, Case No. 07-51688 (Bankr. D. Del. 2007); *Mochnal v. Eos Airlines, Inc.*, Case No. 08-08279 (Bankr. S.D.N.Y. 2008)(settled on behalf of a certified class of over 300 for approximately $1.7 million); *Mekonnen v. HomeBanc Mortgage Corporation*, Case No. 07-51695 (Bankr. D. Del. 2007); *Updike v. Kitty Hawk Cargo, Inc.*, Case No. 07-04179 (Bankr. N.D. Tex. 2007) (settled on behalf of a certified class of 392 for $1.4 million); *Aguiar v. Quaker Fabric Corporation*, Case No. 07-51716 (Bankr. D. Del. 2007) (settled on behalf of a certified class of 900 for $1 million); *Scoggin v. Adam Aircraft Industries, Inc.,* Case No. 08-1366 (Bankr. D. Colo. 2008); *Jones v. Alliance Bancorp,* Case No. 07-51799 (Bankr. D. Del. 2007); *Bridges v. ContinentalAFA Dispensing Co.,* Case No. 08-45921 (Bankr. E.D. Mo. 2008) (settled on behalf

---

[1] O&G is a 30-attorney firm based in New York City. It focuses on representing plaintiffs with a wide variety of employment claims, including claims of individual and class-wide violations of wage and hour laws, WARN Act violations, discrimination and harassment based on sex, race, disability, or age, as well as retaliation, whistleblower, and contract claims.

of a class of about 500 for $1.5 million); *Bressmer v. Delta Financial Corporation,* Case No. 07-51808 (Bankr. D. Del. 2007); *Johnson v. First NLC Financial Services, LLC,* Case No. 08-01130 (Bankr. S.D. Fla. 2008)(settled on behalf of a class of about 200 for $400,000); *Czyzewski v. Jevic Transportation, Inc.,* Case No. 08-50662 (Bankr. D. Del. 2008); *Michaels v. Southern Star Mortgage Corp.,* Case No. 08-01021 (Bankr. E.D.N.Y. 2008); *Guippone v. BH S&B Holdings LLC*, Case No. 08-01021 (Bankr. E.D.N.Y. Feb. 1, 2008); *Austen v. Archway Cookies,* Case No. 08-12323 (Bankr. D. Del. 2008); *Clayton v. Continental Promotion Group Inc.*, Bankr. Case No. 08-18112 (Bankr. M.D. Fla. 2008); *Mofield v. FNX Mining Company USA Inc.*, Case No. 08-00105 (M.D. Tenn. 2008); *Kratzel v. Bill Heard,* 08-83029 (N.D. Ala. 2008); *Teta v. TWL Corp.*, 08-42773 (Bankr. E.D. Tex. 2008); *Berenshteyn v. Lehman Bros,* 08-01654 (Bankr. S.D.N.Y. 2008); *Jackson v. Qimonda* NA, 3:09cv060 (E.D. Va. 2009); *Bent v. Mazer Corp.,* 3:09 cv 04 (S.D. Ohio 2009); *Nason v. Fraser Papers Corp.,* 09-00034-JAW (D. Me. 2009); *Hudson v. Rutland Plywood Corp*, 2:06-cv-00143 (D. Vt. 2009); *Foster v. K-V Pharmaceutical*, 4:09-cv-00408 (E.D. Mo. 2009); *Iannacone v. Fortunoff Holdings Inc.,* 09-22581 (Bankr. S.D.N.Y. 2009); *Curry v. Caritas Health Care Inc.*, 09-40901 (Bankr. E.D.N.Y. 2009); and *Ross v Mid-States Express, Inc.*, 09-10818 (Bankr. N.D. Ill. 2009).

**Jack A. Raisner**

b.  Jack A. Raisner is a partner at O&G and a member of its Class Action Practice Group and Co-Chair of its WARN Act Class Action Practice Group. Mr. Raisner represents employees in wage and hour, discrimination and WARN class actions. He has successfully concluded and is currently prosecuting numerous WARN Act class action claims. He has prosecuted as lead counsel numerous wage and hour class action cases to successful conclusions, including *Dorfman v. United Parcel Service,* No. 06 CV 00703 (E.D.N.Y.); *Levy v. Verizon*

7

*Information Services,* 06-CV-1583 (NG)(SMG); *Hernandez v. The Home Depot Inc.*, No. CV-05 3433 (E.D.N.Y.); *Day v. Control Associates,* No. 04 CV-07125 (S.D.N.Y); *Clark v. JP Morgan Chase & Co*. No. 04601519 (NY Sup. Ct., NY Cty); *Fouyolle v. JP Morgan Chase & Co.*, No. 04-2219 (S.D. Tex.); *Wilson Cole v. Global Financial Services of Nevada*, 05 Civ. 10011 (S.D.N.Y); *Lamons v. Target Corporation*, CV 04-0260 (E.D.N.Y); *Westerfield v. Washingtion Mutual Bank*, 06 Civ. 2817 (E.D.N.Y.); *Fei v. WestLB*, 07 Civ. 8785 (S.D.N.Y.); *Smith v. Citigroup*, 07 Civ. 1791(E.D.N.Y.); *English v. Ecolab, Inc.*, 06 Civ. 5672 (S.D.N.Y.); and *Boal v. Premium Capital Funding LLC d/b/a Topdot Mortgage*, CV 07-698 (E.D.N.Y.)

c.  Mr. Raisner is a tenured full Professor of Law, Tobin College of Business, St. John's University. He is the author of *Pregnancy Discrimination and Parental Leave* (Aspen 2000), update editor of the two-volume treatise, *Representing Plaintiffs in Title VII Actions* (Aspen 2006), and numerous articles and legal texts encompassing an extensive range of issues. He is a contributing author of chapters in leading legal treatises, including *Employee Rights Litigation, Disability Discrimination in the Workplace, New York Employment Law, Employment Litigation in New York, West's General Practice in New York*, and *International Labor and Employment Laws*. He is a member of the National Employment Lawyers Association (NELA) and has spoken regarding attorney ethics at its national conferences on wage and hour litigation. He is a member of the American Bar Association, Section of Labor and Employment Law, Fair Labor Standards subcommittee where, since 2006, he has delivered the annual conference presentation concerning attorneys' ethics in wage and hour class actions. His articles have appeared in various legal journals and publications, including the New York Law Journal and the New York State Bar Association Labor and Employment Newsletter. Mr. Raisner received his B.S. degree from Boston University in 1978 and his J.D. from Benjamin N. Cardozo School of

Law in 1983. He is admitted to the New York bar.

d. On May 18, 2008, Mr. Raisner submitted testimony from the litigator's perspective on the need for WARN Act reform at the invitation of Senator Edward Kennedy, Chairman of the Senate Health Education Labor and Pensions (HELP) Committee of the U.S. Senate upon the occasion of the Committee's hearing on the 20th Anniversary of the WARN Act, at which Outten & Golden's client, Joe Aguiar, testified regarding his class action against Quaker Fabrics, which resulted in a $1 million settlement in the U.S. Bankruptcy Court, District of Delaware.

**René S. Roupinian**

e. I joined O&G as of counsel in August 2007. As co-chair of the firm's WARN Act Class Action Practice Group, I actively litigate cases on behalf of employees under the WARN Act. Since 2002 I have devoted 100% of practice to the litigation of WARN cases. I have served as counsel in more than 60 WARN class actions, representing tens of thousands of employees, including the following representative cases: *Rasheed v. American Home Mortgage Corp.*, Case No. 07-51688 (Bankr. D. Del. 2007); *Mochnal v. Eos Airlines, Inc.*, Case No. 08-08279 (Bankr. S.D.N.Y. 2008); *Mekonnen v. HomeBanc Mortgage Corporation*, Case No. 07-51695 (Bankr. D. Del. 2007); *Updike v. Kitty Hawk Cargo, Inc.*, Case No. 07-04179 (Bankr. N.D. Tex. 2007); *Aguiar v. Quaker Fabric Corporation*, Case No. 07-51716 (Bankr. D. Del. 2007); *Johnson v. First NLC Financial Services, LLC,* Case No. 08-01130 (Bankr. S.D. Fla. 2008); *Czyzewski v. Jevic Transportation, Inc.,* Case No. 08-50662 (Bankr. D. Del. 2008); *Mofield v. FNX Mining Company USA Inc.*, Case No. 2:08-00105 (M.D. Tenn. 2008); *Law v. American Capital Strategies Ltd.*, Case No. 05-00836 (M.D. Tenn. 2005); *Bandel v. L.F. Brands Marketing, Inc.*, Case No. 04-CV-01672 (S.D.N.Y. 2004); *Walsh v. Consolidated Freightways Corporation*, Case No. 03-01074 MG (Bankr. C.D. Cal. 2003); *Gardner v. Pillowtex Corporation*, Case No. 03-60213 (Bankr. D. Del. 2003); *Baker v. National*

*Machinery Company*, Case No. 02-07444 (N.D. Ohio 2002); *Ruggier* v. *Teligent, Inc.,* 03-04871 (S.D.N.Y. 2003); *Trout v. Transcom USA, Inc.*, 03-00537 (S.D. Ind. 2003); *Barajas v. Gonzalez Inc.*, Case No. 02-15508 (Bankr. D. Ariz. 2002); *Scott v. Greenwood Mills. Inc.*, Case No. 02-00221 (D.S.C. 2002); *D'Andreis v. Thomaston Mills, Inc.*, Case No. 01-05142 (Bankr. M.D. Ga. 2001); *Ballentine v. Triad International Maintenance Corporation*, Case No. 01-10357 (E.D. Mich. 2001); *Andrews v. Pliant Systems Inc.*, Case No. 01-00065 (Bankr. E.D.N.C. 2001); and *Michael Cain v. Inacom Corp.*, 00-01724 (Bankr. D. Del. 2000).

  f.  I have been invited to speak on WARN by the American Bar Association, the New York State Bar Association, the National Employment Lawyers Association, the Midwest Regional Bankruptcy Seminar and other organizations, and most recently presented for the American Bar Association's program *The Last Resort: What Labor & Employment Lawyers Need to Know About Bankruptcy*. I have been quoted on WARN law rights and the firm's cases have been cited in such publications as the Wall Street Journal, the New York Times, American Lawyer, Associated Press, USA Today, Forbes, Newsday, Times-Gazette, The Herald News, and others. I am an active member in several bar associations, including the New York City Bar, the National Employment Lawyers Association (NELA), and the Armenian-American Bar Association.

  g.  On May 18, 2008, I together with Jack A. Raisner and the firm's client, Joe Aguiar, submitted testimony to the Senate Health Education Labor and Pensions (HELP) Committee of the U.S. Senate upon invitation from the Committee's Chair, Senator Edward Kennedy, on the occasion of the 20th Anniversary of the WARN Act. My testimony highlighted from a litigator's perspective, the deficiencies in the Act and its need for reform.

  h.  I received my BA from the University of Michigan in 1989, and my JD in 1994 from Michigan State University College of Law where I was a member of the Moot Court

Executive Board. Prior to 2002, I was a partner in a Detroit law firm where I litigated claims on behalf of employees and class actions on behalf of homeowners, consumers and taxpayers. I have argued before the Michigan Court of Appeals and the Michigan Supreme Court and am a member of the bars of both New York and Michigan.

**Loizides, P.A., Local Counsel**

i. Christopher Loizides, of Loizides, P.A. of Wilmington, Delaware, has approximately 16 years experience in commercial bankruptcy litigation and has served as counsel to numerous creditors and debtors. Mr. Loizides has extensive experience in handling bankruptcy adversarial complaints.

17. I submit that Plaintiffs' counsel are well-suited to serve as Class Counsel, they have no conflict of interest, and, as shown above, have diligently prosecuted this action and should be appointed Class Counsel.

### The Form and Manner of Notice to the Class

18. As shown by the accompanying brief, the Proposed Notice to the class satisfies the requirements for such a notice. The Notice fairly apprizes the class members of the nature of the action, of their right to opt-out of the class, and of the effect of their failure to opt-out, namely, that they will be bound by the outcome of the litigation (*See* Exhibit C).

19. The motion seeks approval of service of the Proposed Notice by first class mail sent to the address of each class member shown in the records of Defendant. As discussed in the accompanying Memorandum of Law, service in this manner is proper.

### CONCLUSION

20. In view of the foregoing, the annexed exhibits, the accompanying Memorandum of Law and the accompanying declarations of Plaintiffs Annette Varela and John J. Dimura in

support of this motion, this Court should enter an order (a) certifying a class, pursuant to the Federal Rule of Bankruptcy Procedure 7023 and Federal Rules of Civil Procedure 23, comprised of former employees of Defendant: (i) who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about February 18, 2009, within 30 days of February 18, 2009, or in anticipation of or as the foreseeable consequence of the mass layoffs or plant closings ordered by Defendant on or about February 18, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) and (ii) who have not filed a timely request to opt-out of the class; (b) appointing Outten & Golden LLP, and Loizides, P.A. as Class Counsel, (c) appointing Plaintiffs Annette Varela and John J. Dimura as Class Representatives, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper. (*See* Exhibit D).

Dated: November 18, 2009

                                               /s/ René S. Roupinian
                                               RENÉ S. ROUPINIAN